JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 03603
ALI R. IQBAL, ESQ.
Nevada Bar No. 15056
**PYATT SILVESTRI**
7670 W. Lake Mead Blvd., Suite 250
Las Vegas, NV 89128
Tel: (702) 383-6000
Fax: (702) 477-0088
jsilvestri@pyattsilvestri.com
aiqbal@pyattsilvestri.com
*Attorneys for Defendant American National Property and Casualty Insurance*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD AARON SCHAVE, as Executor of the Estate of Colin Edgar Humphrey,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY; DOE INDIVIDUALS I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:26-cv-01238-ART-BNW<br><br>***PROPOSED* STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY; DOE INDIVIDUALS I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Counter-Claimant,<br><br>vs.<br><br>RONALD AARON SCHAVE, as Executor of the Estate of Colin Edgar Humphrey,<br><br>Counter-Defendant. | |

It appearing to the Court that Plaintiff RONALD AARON SCHAVE ("Plaintiff") and Defendant AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY ("ANPAC") (together, the "Parties") have stipulated to the entry of this Order to govern the handling of

Confidential Material produced in this action, and that ANPAC contends certain documents it may produce contain confidential, proprietary, or personnel information. Plaintiff does not concede that any document is confidential, proprietary, or a trade secret, and nothing in this Order is a finding that any document is entitled to protection.

This Order applies equally to Confidential Material produced by any Party. Accordingly, the Court hereby orders that:

1. Material designated "CONFIDENTIAL" in accordance with Paragraph 1A ("Confidential Material") shall be revealed only to:

(a) The attorneys working on this action on behalf of any party, including stenographic and clerical employees and contractors working under the direct supervision of such counsel;

(b) Employees of a party who are required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

(c) The named Plaintiff;

(d) The named Defendant;

(e) The court, jury and court personnel, including court reporters and stenographers employees in connection with this suit;

(f) Experts or consultants retained or employed in good faith to assist any party in the evaluation, prosecution or defense of this suit;

(g) Any witness or deponent who is asked at his or her deposition or at trial to testify about documents designated as CONFIDENTIAL MATERIALS or the contents thereof;

(h) Persons who are (i) noticed for depositions or designated, or who counsel in good faith intends to designate, as trial witnesses (and their counsel, if any),

(i) Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case;

(j) Outside photocopying services engaged by a party or its counsel to assist in this litigation;

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

(k) Outside data processing/discovery companies or individuals engaged by a party or its counsel to assist in this litigation;

(l) Any person who authored or properly received in the ordinary course of business the particular information sought to be disclosed;

(m) Any mediator or settlement judge, and their staff; and

(n) Any other person, with the prior written consent of the designating Party or by order of the Court.

1A. Designation. A Party may designate as "CONFIDENTIAL" any document, information, or material produced in this action that the designating Party reasonably and in good faith believes qualifies for protection under Fed. R. Civ. P. 26(c) and falls within one of the following categories: (a) written manuals, guidelines, procedures, training materials, and related internal reference materials of general application that govern claims handling, underwriting, special investigations, or employee training, that are not publicly available and are not specific to Claim No. 27-H-3WP202 or any other individual claim, and that constitute proprietary commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), the public disclosure of which could be reasonably expected to cause the designating Party specific competitive harm; (b) personnel, compensation, and performance records of individual employees; and (c) personal identifying, financial, or medical information of any person who is not a party. For purposes of Paragraph 1A(c), Colin Edgar Humphrey and his Estate shall be treated as a party. Designation shall be made by stamping each page "CONFIDENTIAL" at the time of production. Mass or indiscriminate designation is prohibited.

1B. Material Not Subject to Designation. Confidential Material shall not include information that: (a) is publicly available through lawful means other than as a result of a violation of this Order; (b) becomes publicly available through lawful means independent of a disclosure prohibited by this Order; or (c) is independently obtained by the receiving Party from a source lawfully entitled to disclose the information without restriction or obligation of confidentiality. Notwithstanding Paragraph 1A, the following shall not be designated as

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

Confidential Material: (i) the claim file (including any special investigations file and the file of any independent adjuster or investigator retained on the claim), claim notes and activity log, and reserve and payment records for Claim No. 27-H-3WP202, and the underwriting files for the policies ANPAC issued to Colin Humphrey, except that any specific portion of a document containing information described in Paragraph 1A(a) or (b) may be designated Confidential to the extent such information qualifies for protection under Paragraph 1A, and personal identifiers of non-parties may be redacted; and (ii) any communication between ANPAC or its agents and Colin Humphrey, Ronald Aaron Schave, or their counsel or representatives, or with the Nevada Division of Insurance or any other governmental agency, except that material described in Paragraph 1A(a) that ANPAC enclosed with a communication to the Nevada Division of Insurance or any other governmental agency may be designated. A receiving Party's possession of a document or information before its production in this action shall not automatically invalidate a confidentiality designation. Nothing in this Order, however, shall restrict the receiving Party's lawful use of an independently obtained copy that is not otherwise subject to a duty of confidentiality. Documents in Plaintiff's possession other than through discovery in this action, including documents obtained from Colin Humphrey, his representatives, or his prior counsel, or by subpoena or order in any other proceeding, are independently obtained for purposes of this Paragraph, provided such documents were lawfully obtained and are not subject to a protective order or written confidentiality agreement binding on Plaintiff. Material produced before entry of this Order may be designated Confidential only by written notice identifying the material by Bates number or other reasonably specific description within fourteen (14) days after entry of this Order.

1C. Challenges to Designation. A Party may challenge a designation at any time by written notice identifying the material by Bates number or other reasonably specific description. The Parties shall meet and confer in accordance with LR IA 1-3(f) within seven (7) days after the notice. If the dispute is not resolved, the designating Party shall file a motion for protective order under Fed. R. Civ. P. 26(c) within fourteen (14) days after the first meet-and-confer conference on the challenge or, if no conference occurs within that seven-day period, within fourteen (14)

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

days after that period ends, unless the Parties agree in writing to extend that deadline. The designating Party bears the burden of establishing good cause for each document's claimed confidentiality. If the designating Party does not timely file such a motion, the designation is withdrawn. The material shall be treated as Confidential Material while a timely motion is pending.

1D. Production of Withheld Material. Any material a Party has withheld pending entry of a protective order shall be produced within fourteen (14) days after entry of this Order, subject only to objections and privilege or work product protection stated in that Party's written discovery responses served before entry of this Order. Any material withheld on a claim of privilege or work product protection shall be logged in accordance with Fed. R. Civ. P. 26(b)(5)(A).

2. Confidential Material shall not be disclosed to anyone other than the persons specified in Paragraph 1, except as provided in this Order. Confidential Material produced in this action shall be used solely for purposes of this action and shall not be used or disclosed in any other action or proceeding without the prior written consent of the designating Party or an order of a court of competent jurisdiction. Notwithstanding the preceding sentence, Plaintiff may use Confidential Material in the probate proceeding for the Estate of Colin Edgar Humphrey, Eighth Judicial District Court Case No. P-23-116560-E, subject to that court's procedures for confidential material. Material produced in this action that is not designated Confidential Material is not restricted by this Order. Nothing in this Order restricts any Party's lawful use of any material independently obtained outside discovery in this action, provided such material is not subject to a protective order or written confidentiality agreement binding on that Party. Nothing in this Order prohibits a Party from reporting information, including Confidential Material, to the Nevada Division of Insurance or any other governmental or regulatory agency, provided that, to the extent permitted by law, the reporting Party identifies any Confidential Material as subject to this Order and requests confidential treatment. No Party shall be required to return or destroy any material produced in this action, at the conclusion of this action or at any

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

other time, provided that Confidential Material retained after conclusion of this action remains subject to this Order.

3. Prior to disclosure of any documents designated as "confidential" to the persons listed in Paragraph 1(b), counsel for the parties shall require such employees to read this Protective Order and agree to be bound by its terms.

4. If counsel for any party determines that for purposes of this action, documents or information produced by any other party and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a) Counsel for that party shall have the expert read this Order.

(b) Counsel for that party shall require such expert to sign the Acknowledgment and Agreement to Be Bound attached as Exhibit A before disclosure. No Party is required to disclose the identity of a consulting expert who has not been designated to testify. Nothing in this paragraph shall be deemed to enlarge the right of any party to conduct discovery of any other party's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5. A Party that seeks to file Confidential Material designated by another Party shall file it provisionally under seal with a motion for leave to file under seal under LR IA 10-5. Within seven (7) days after that filing, the designating Party shall file a declaration establishing good cause (for non-dispositive matters) or compelling reasons (for dispositive matters) for keeping the material sealed. If the designating Party does not do so, the filing Party may withdraw the sealed filing and file the material publicly. Nothing in this Order establishes grounds for sealing any document.

6. Disclosure of Confidential Material to a mediator or settlement judge does not waive its designation.

6A. Subpoenas and Compelled Disclosure. If a Party receives a subpoena or other compulsory process seeking another Party's Confidential Material, it shall give the designating Party written notice within seven (7) days. The designating Party may seek protection from the

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

issuing tribunal. If it does not obtain protection before the date compliance is required, the receiving Party may comply. No Party is required to oppose the subpoena or seek protection on another Party's behalf.

7. This Order is subject to revocation and modification by Order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

. . .

. . .

. . .

**Pyatt Silvestri**
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

8.Use of Confidential Material at hearings or trial is subject to the Court's separate rulings; this Order does not automatically seal the courtroom, trial exhibits, or transcripts; however, any party has the right to seek appropriate protection before public disclosure at trial.

Stipulated and agreed to by:

DATED this 16th of November, 2026.

**PYATT SILVESTRI**

/s/ Ali R. Iqbal

ALI R. IQBAL, ESQ.
JAMES P. C. SILVESTRI, ESQ.
**PYATT SILVESTRI**
7670 W Lake Mead Blvd, Suite 250
Las Vegas, NV 89128
*Attorneys for Defendant*

DATED this 16th of November, 2026.

/s/ Christopher A. Elsee

Christopher A. Elsee, Esq.
John P. Aldrich, Esq.
**ALDRICH LAW FIRM, LTD.**
7866 West Sahara Ave.
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*

**ORDER**

Any motion or stipulation to seal a document pursuant to this protective order must explain why there is good cause or compelling reasons to seal the document(s) under K*amakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Any such motion or stipulation should also comply with LR IA 10-5.

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE
DATED: November 17, 2026

**PYATT SILVESTRI**

*/s/ Ali R. Iqbal*

JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 03603
ALI R. IQBAL, ESQ.
Nevada Bar No. 15056
7670 W. Lake Mead Blvd., Suite 250
Las Vegas, NV 89128
Tel: (702) 383-6000
*Attorneys for Defendant American National Property and Casualty Insurance*

**EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________, have read in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order that was issued by the United States District Court, District Of Nevada, on_______________, 2026 in the case of *RONALD AARON SCHAVE, as Executor of the Estate of Colin Edgar Humphrey, vs. AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY; DOE INDIVIDUALS I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,* Identified as Case No: 2:26-cv-01238-ART-BNW. I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

//

//

//

//

//

//

//

Pyatt Silvestri
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000

I further agree to submit to the jurisdiction of the United States District Court, District Of Nevada, for the purpose of enforcing the terms of this Stipulated Confidentiality Agreement and Protective Order.

Date: ____________________

City and State where signed: __________________________________________

Printed name: _______________________________

Address: ___________________________________________________________

Signature: __________________________________

**Pyatt Silvestri**
7670 W. Lake Mead Blvd.
Suite 250
Las Vegas, Nevada 89128
(702) 383-6000